# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**GRIFFIN E. HARRIS,**

     **Plaintiff,**

                           **Civil Action 2:14-cv-1351**

  **v.**                          **Judge Michael H. Watson**

                                **Magistrate Judge Elizabeth P. Deavers**

**COMMISSIONER OF SOCIAL SECURITY,**

     **Defendant.**

## REPORT AND RECOMMENDATION

This matter is before the Court for consideration of Plaintiff's Motion for Award of Attorney Fees and Costs Pursuant to the Equal Access to Justice Act. (ECF No. 23.) The Commissioner of Social Security did not file a Memorandum in Opposition. For the reasons that follow, it is **RECOMMENDED** that Plaintiff's Motion be **GRANTED**. It is further **RECOMMENDED** that the Court **AWARD** Plaintiff attorney's fees in the amount of **$5,707.80**.

### I.

Plaintiff filed this action on August 22, 2014, seeking review of an adverse decision of the Commissioner of Social Security ("Commissioner"). (ECF No. 1.) On July 13, 2015, the Undersigned issued a Report and Recommendation, recommending that the Court reverse the Commissioner's nondisability finding and remand this case to the Commissioner under Sentence Four of 42 U.S.C. § 405(g) based upon the administrative law judge's failure to properly consider portions of Plaintiff's medical records. (ECF No. 20.) The Commissioner did not

object to the Report and Recommendation.  On July 31, 2015, the Court adopted the Report and Recommendation and remanded this action to the Commissioner.  (ECF No. 21.)  On August 28, 2015, Plaintiff filed the instant Motion seeking an award of attorney's fees under the Equal Access to Justice Act ("EAJA").  (ECF No. 23.)  The Commissioner has not opposed Plaintiff's Motion.

## II.

Plaintiff seeks an award of attorney's fees for thirty and twenty-hundredths (30.20) hours that his counsel worked on this case before this Court.  The EAJA provides as follows:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).  Accordingly, a party will generally be entitled to attorney's fees under the EAJA when he or she is the prevailing party and the government's position was not substantially justified.  *See Townsend v. Soc. Sec. Admin.*, 486 F.3d 127, 129–30 (6th Cir. 2007) (outlining requirements under the EAJA).  The Commissioner "bears the burden of demonstrating that its position was substantially justified."  *Pickering v. Mukasey*, 306 F. App'x. 246, 247 (6th Cir. 2009).

The EAJA limits recovery of attorney's fees to $125 per hour unless the court concludes that the circumstances justify a higher rate:

> The amount of fees awarded . . . shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in

2

the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A).  In analyzing the EAJA, the United States Court of Appeals for the Sixth Circuit has emphasized that the "statutory rate is a ceiling and not a floor." *Chipman v. Sec'y of Health & Hum. Servs.*, 781 F.2d 545, 547 (6th Cir. 1986).  Furthermore, "[i]n requesting an increase in the hourly-fee rate, Plaintiffs bear the burden of producing appropriate evidence to support the requested increase." *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009).  Accordingly, the Sixth Circuit has held that "Plaintiffs must 'produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)).

In determining the appropriate rate, the Court may allow for a cost of living adjustment to justify an award in excess of $125 per hour.  *See Begley v. Sec'y of Health & Hum. Servs.*, 966 F.2d 196, 199 (6th Cir. 1992).  The determination of whether a cost of living increase justifies a fee in excess of the $125 rate is left to the Court's discretion.  *Id.*  It is not sufficient, however, that a party submit only the Department of Labor's Consumer Price Index and argue that inflation justifies an increase in fees.  *Bryant*, 578 F.3d at 450.

## III.

It is undisputed that Plaintiff is the prevailing party.  And given that the Commissioner has not even attempted to demonstrate that her position was substantially justified, the sole issue for the Court is whether Plaintiff has produced evidence sufficient to support the increased rates his attorney seeks.

With regard to this issue, Plaintiff seeks an award of attorney's fees in the amount of $5,707.80 for thirty and twenty-hundredths (30.20) hours that his counsel worked on this case before this Court, which calculates to an hourly rate of $189.00. (Pl.'s Mot. 1, ECF No. 23.) Thus, Plaintiff seeks an upward departure from the $125 statutory cap. The Undersigned concludes that Plaintiff has produced satisfactory evidence that his counsel's requested rate comports with prevailing rates in the community. *Bryant*, 578 F.3d at 450. Plaintiff has provided an affidavit from his counsel, which reflects that his normal billing rate is at least $300 per hour. (Farrell Aff. ¶¶ 6–7, ECF No. 23-2.) Plaintiff also submitted an affidavit of Gary J. Pandora, an experienced Columbus attorney practicing in the area of social security, in which Mr. Pandora asserts that fees up to $200 to $225 per hour are "in line with prevailing rates in Ohio for the same type of services provided by lawyers of reasonably comparable skill, experience and reputation" as Plaintiff's counsel. (Pandora Aff. 2, ECF No. 26-5.) Plaintiff also submitted a copy of the Department of Labor's Consumer Price Index demonstrating an increase in the cost of living. (ECF No. 23-4.) Additionally, Plaintiff has submitted excerpts from a study the Ohio State Bar Association sponsored concerning attorney hourly billing rates in 2013. (*See* ECF No. 23-6.) The study reflects that the 2013 mean billing rate in the Downtown Columbus area, which is where Plaintiff's counsel practices, was $295 per hour. (*Id*.) The study also shows that the 2013 mean billing rate for firms in Ohio with three to six attorneys, which is the size of Plaintiff's counsel's firm, was $237 per hour and that the 2013 mean billing rate in Ohio for attorneys with more than twenty-five years of experience was $249 per hour. (*Id*.) The Undersigned finds that the foregoing evidence sufficiently supports Plaintiff's counsel's requested rate increase.

Finally, Plaintiff requests that the fees be paid directly to his attorney.  In *Astrue v. Ratliff*, 560 U.S. 586 (2010), a social security case considering the Commissioner's payment of attorney's fees under the EAJA, the United States Supreme Court held that "a § 2412(d) fees award is payable to the litigant and is therefore subject to a Government offset to satisfy pre-existing debt that the litigant owes the United States."  560 U.S. at 589.  The *Ratliff* Court noted that "the Government has since continued the direct payment practice only in cases where the plaintiff does not owe a debt to the [G]overnment and assigns the right to receive the fees to the attorney."  *Id*. at 597 (internal quotation marks omitted).

Here, the Court is unaware of whether Plaintiff owes a debt to the United States.  Thus, the Undersigned finds that under *Ratliff*, the proper course is to award fees directly to Plaintiff and remain silent as to the direction of those fees.  *See Simpson v. Astrue*, No. 3:09-cv-143, 2010 WL 5088128, at *5 (S.D. Ohio Nov. 17, 2010) (Merz, M.J., Report and Recommendation subsequently adopted) (quoting *Preston v. Astrue*, No. 3:08-cv-991, 2010 WL 3522156, at *2 (M.D. Fla. Sept. 8, 2010) ("Because it is not known in the present case whether or not Plaintiff owes a debt to the United States, '[i]n light of *Ratliff*, . . . it [is] a better practice to simply award the EAJA fees directly to Plaintiff as the prevailing party and remain silent regarding the direction of payment of those fees.  It is not the duty of the Court to determine whether Plaintiff owes a debt to the government that may be satisfied, in whole or in part, from the EAJA fees award.'").  The Undersigned notes, however, that if Plaintiff does not owe such a debt to the United States, the Government should honor an assignment of Plaintiff's EAJA fees to his counsel.  *See Ratliff*, 560 U.S. at 599 (Sotomayor, J., concurring) ("[T]he litigant's obligation to pay her attorney is controlled not by the EAJA but by contract and the law governing that

contract."); *Bishop v. Astrue*, No. 3:08CV00375, 2010 WL 4279185, at *4 (S.D. Ohio Sept. 29, 2010) (Ovington, M.J., Report and Recommendation subsequently adopted) ("The Government retains the discretion and authority to determine whether Plaintiff owes a debt to it . . . .  If no such unpaid debt exists, or if the EAJA fees remain after a government offset, there appears no reason on the present record for the Government not to honor Plaintiff's assignment . . . .").

## IV.

In sum, Plaintiff has provided satisfactory evidence to support his counsel's requested rate of approximately $189.00 per hour.  It is therefore **RECOMMENDED** that the Court **GRANT** Plaintiff's Motion for an Award of Attorney's Fees and **AWARD** Plaintiff attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, in the amount of **$5,707.80**.  (ECF No. 23.)  It is further **RECOMMENDED** that the Court issue no order regarding the direction such fees must be paid.

## V.   PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex*

*Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date: October 5, 2015                              */s/ Elizabeth A. Preston Deavers*
                                          ELIZABETH A. PRESTON DEAVERS
                                          UNITED STATES MAGISTRATE JUDGE